UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOYLE BINGHAM,<br><br>               Plaintiff,<br><br>v.<br><br>MARKS, *et al.*,<br><br>               Defendants. | Case No. 3:23-CV-00456-ART-CLB<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>[ECF No. 29] |

    Before the Court is Plaintiff Doyle Bingham's ("Bingham") motion to designate defendants, amend, and compel discovery. (ECF No. 29.) Defendants Marks, Parks, Medical Director John Doe I, and Utilization Review Board Members Does II-XI (collectively "Defendants") partially oppose Bingham's motion. (ECF No. 30.) Bingham replied. (ECF No. 31.) For the reasons discussed below, the Bingham's motion is granted.

**I.    DESIGNATION OF DEFENDANTS AND AMENDMENT**

    In his motion, Bingham's seeks to designate Dr. Kenneth Williams as Medical Director John Doe 1 and amend the caption to list the full names of the Defendants. (ECF no. 29 at 1-2.) In response, Defendants "do not oppose the requests to substitute Dr. Kenneth Williams for Medical Director John Doe 1, or to amend the caption." (ECF No. 30 at 2.) Accordingly, the Court grants Bingham's request to substitute Dr. Kenneth Williams for Medical Director John Doe 1 and amend the caption to fully designate Defendants by their full names as follows: Dr. Dana Marks; Erin Parks, RN, Director of Nursing; Nethajah Breitenbach, Warden; Kara Le Grand, Assistant Warden; and Dr. Kenneth Williams, NDOC Medical Director. (*See* ECF No. 29 at 2.)

**II.    MOTION TO COMPEL**

    **A.    LEGAL STANDARD**

    "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional

to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust*

*Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

### B.  DISCUSSION

Bingham seeks to compel responses to the following interrogatories:

INTERROGATORY NO. 3: Please identify each person by name who has served or is serving on the Medical Departments Utilization Review Board from 2018 to present.

INTERROGATORY NO. 4: As to Interrogatory No. 3 please provide the starting dates of service for each person identified and the ending date if any of their service on the Utilization Review Board.

(ECF No. 29.) In response to Bingham's motion, Defendants argue the motion is procedurally improper for several reasons and should be denied. (ECF No. 30 at 4-7.) In the alternative, Defendants argue Bingham's request is neither relevant nor proportional to his claims. (*Id.* at 8-11.) In reply, Bingham asserts he is willing to limit his request to information regarding individuals who began serving from March 2020 onwards based on information provided in discovery by Defendants. (ECF No. 31 at 6-7.)

As an initial matter, although the Court appreciates Defendants procedural arguments, given Bingham's *pro se* status and limited number of discovery requests at issue, the Court finds that is proper to reach the merits of Bingham's motion to compel despite there being some technical issues with the motion. As explained by the Ninth Circuit, "courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates." *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) In this instance, the Court finds that Bingham's motion explains why the information requested in his two discovery requests are relevant and proportional to the needs of the case and thus the motion does not lack sufficient substance such that the Court consider adequately consider the requests. Given Bingham's *pro se* status, the Court does not find Defendants' procedural arguments to be

an adequate basis to deny the motion.

Thus, the Court moves to substantive arguments related to Bingham's requests. Specifically, Defendants' argue that Bingham's requests are neither relevant nor proportional to his claims. Bingham argues the interrogatories are necessary so that he can better understand the "chain of command for the approval of medical treatment in the Medical Division of the NDOC" and the level of "participation" of certain individuals in his underlying claim. (ECF No. 29 at 6-7.) He asserts that members of the Utilization Review Board are involved in the decision-making process as to whether an inmate can receive certain treatments and whether an individual served on the board when his referrals were reviewed by the Board goes to the crux of his Eighth Amendment medical indifference and conspiracy claims for the NDOC's failure to conduct a colonoscopy. (ECF No. 31 at 3-5.) He further states he is willing to limit his request to information starting from March 2020 till March of 2024 when the operative complaint was signed based on Defendants' admission that committee members were participating in the review of his medical records as early as March 2020. (*Id.* at 6-8.) Bingham argues the requested information is not overtly burdensome when considering that much of the information should have been provided as part of the Defendants' initial disclosures or is related to their initial disclosures and is readily accessible to defendants. (*See* ECF Nos. 29, 31.)

Defendants argue the requested information is not relevant because Bingham's referral requests were granted and assert that Defendants cannot "locate any record that the Utilization Review Board ever denied a request that Bingham be referred to get a colonoscopy . . . ." (ECF No. 30 at 8-9.) Defendants further argue the requested information is not proportional to the needs of the case because the claims Bingham asserts did not arise until October 2023. (*Id.* at 8.) Accordingly, information dating back to 2018 is not specific enough to when the committee reviewed his referral requests and creates burden and expense that outweighs any benefit to Bingham. (*Id.*)

The Court finds Bingham has met his burden to show the requested information is relevant to his claims and proportional to the needs of this case. However, the Court

agrees that Bingham's request to receive information regarding the utilization committee members dating back to 2018 is overbroad. However, considering the information presented to the Court that the board members reviewed information regarding his referral requests as early as March 2020 and his claim is directly relating to actions, or lack of action taken by board members, the Courts finds the requested information to be relevant. Additionally, Defendants' assertion that no information can be located as to whether the board denied a referral request misses the crux of Bingham's allegations that the Defendants have conspired to approve referrals and then not provide the approved medical treatments or tests. (*See* ECF No. 31 at 3-6.) Understanding the full makeup of the Utilization Review Board and the role its members played during the referral review processes goes directly to his conspiracy and Eighth Amendment medical indifference claims. Furthermore, the Court has no concerns that collecting the requested information requires substantial expense or time when considering that Defendants have not provided anything more than bare assertions that providing the information creates burden and expense. (*See* ECF No.30 at 7-10.) Without more, the Court cannot find the requested information to be disproportional to needs of this case.[1]

Thus, the Court grants Bingham's motion to compel but limits the requested information from interrogatories three and four to March 1, 2020 to March 6, 2024.

### III.    CONCLUSION

Accordingly, **IT IS ORDERED** that Bingham's motion, (ECF No. 29), is **GRANTED**. Defendants are **ORDERED** to disclose the requested information as outlined in this order by no later than **SEPTEMBER 19, 2025.**

**IT IS FURTHERED ORDERED** that Dr. Kenneth Williams is substituted for Medical Director John Doe 1.

**IT IS FURTHERED ORDERED** that the case caption is amended to include the full name of the following Defendants: Dr. Dana Marks, Erin Parks, Nethajah Breitenbach,

---

[1] While the Court grants Bingham's motion, he is reminded that the deadline to amend his complaint expired on July 6, 2025. (ECF No. 27 at 6.)

1  Kara Le Grand, and Dr. Kenneth Williams.

2  **IT IS SO ORDERED.**

3  **DATED**: September 12, 2025

5  _____
   **UNITED STATES MAGISTRATE JUDGE**